## ELLEN SMITH *vs.* BRIDGET CARMODY.

Suffolk.   March 10. — April 1, 1884.   DEVENS & COLBURN, JJ., absent.

A. died seised of a parcel of land bounding on a street 128 feet. There was set off to his widow, as dower, a parcel at the northerly end, measuring 49 feet on the street, and bounding southerly by a fence. Subsequently, by a partition among the heirs of A., the remainder of the land became the property of B., who conveyed it, through a third person, to his wife. On the death of the widow of A., her administrator assumed to convey the estate set off to her in dower, and included in the boundaries a strip of land south of the dower estate, making the measurement on the street 51 feet 7 inches, and B. and his wife executed a deed of release to the grantee of the same parcel. The names of both appeared in the granting part of the deed. The form of the covenants was, "I do hereby covenant," &c., and the wife released her right of dower and homestead in the granted premises. *Held*, that the deed passed the title of the wife in the whole parcel described in the deed.

WRIT OF ENTRY, dated October 6, 1882, to recover a parcel of land in that part of Boston called South Boston, bounded on C Street, 76 feet and 5 inches northeasterly from Fourth Street, measuring on C Street 2 feet and 7 inches, and running back, at a right angle with C Street, 50 feet. The demanded

premises are shown on a plan, a copy of which is printed in the margin.*

At the trial in the Superior Court, before *Rockwell*, J., the following facts appeared:

William Smith died in 1850, seised of real estate, and, among other parcels, of one in South Boston, bounded northwest on C Street 128 feet, northeast on Silver Street 50 feet, southeast on parties unknown 128 feet, and southwest on Fourth Street 50 feet.

In 1854, as dower, there was set off to Hannah Smith, his widow, for life, a part of the above land, described as follows: Beginning at the corner of C and Silver Streets, at the corner

of the dwelling-house as it now stands, and running southwesterly on C Street 49 feet to the fence separating these premises from those adjoining, then at right angles southeasterly 50 feet, then at right angles running northeasterly to Silver Street, then turning and running on said Silver Street to the point of beginning, be said measurements more or less, however bounded or described, these premises being the northeasterly part of the estate conveyed to said deceased by deed of Samuel K. Williams.

Afterwards, in 1855, by partition among the five heirs of William Smith, there was set off in fee to Charles T. Smith and Sarah P. Kingman, two of the heirs, a parcel of land described as follows: Commencing on C Street at corner of estate assigned to Hannah Smith, widow of said deceased, as her dower, extending therefrom southwest on said C Street 76 feet 5 inches, to corner of Fourth Street, then turning on said Fourth Street, southeasterly, 50 feet, thence at right angles, northeasterly, 76 feet 5 inches, thence at right angles northwesterly to point begun at on said C Street.

In 1871, Charles T. Smith conveyed this parcel, through a third person, to Ellen Smith, his wife, the demandant in this action, and, in 1873, Sarah P. Beville, formerly Kingman, conveyed her undivided half to said Ellen, thus vesting the whole title of the last described estate in Ellen Smith.

Hannah Smith died in 1876. W. W. Nichols, her administrator, obtained license of the Probate Court to sell all her real estate, and on September 16, 1879, by virtue of such license, sold, and made a deed purporting to convey, to James R. Rutledge, real estate described as follows, namely: Bounded northwest on C Street 51 feet 7 inches, northeasterly on Silver Street 50 feet, southeasterly on parties unknown 51 feet 7 inches, and southwesterly on land of S. K. Williams 50 feet, containing 2579 square feet more or less.

In 1880 the heirs of William Smith made quitclaim deeds to Rutledge of a parcel of land, the description of which was the same as the description in the above administrator's deed.

Rutledge conveyed to Ellen Cooney the estate at the corner of C and Silver Streets, bounded northwest on C Street 21 feet, northeast on Silver Street 50 feet, southeast on parties unknown

21 feet, and southwest on the centre of the brick partition wall between this and the adjoining house 50 feet, to the point of beginning.

Afterwards, in 1880, Rutledge conveyed to Esther Nichols the estate adjoining the last above described, bounded, commencing about 76 feet 5 inches northerly from the northeast corner of Fourth and C Streets, thence running northerly on C Street 30 feet 7 inches, then easterly by the partition wall between this and adjoining premises 50 feet, then southerly by parties unknown 30 feet 7 inches, then westerly by land of Ellen Smith 50 feet, more or less.

Esther F. Nichols in 1881 conveyed the same premises by the same description to William W. Nichols, who, on June 29, 1882, conveyed the same by the same description to the tenant, who is and has been in possession under her said deed.

The present occupation of the tenant is north of a line 51 feet and 4 inches south of Silver Street. Between her occupation and that of the demandant is a fence, which was built in 1882, soon after she received her deed. At the same time that this fence was built there was removed an old fence, on the northerly side of the new fence, about parallel with the same. The demandant contended that the old fence was the true boundary of her land.

The demandant put in oral testimony tending to show that the old fence had existed in the same place over thirty years, and was about 49 feet from and parallel to Silver Street, and that the demandant and those under whom she claimed had in fact occupied all the land south of said old fence.

It appeared that the new fence was built and the old fence removed at the joint expense of the tenant and her grantor, W. W. Nichols, and, if competent, against the objection of the demandant, it may be considered that the tenant, when she bargained for the property, did so with the understanding that the old fence was not the true boundary, and that her grantor was to contribute to the expense of removing the same and of building a new fence.

The tenant then put in the following deed, executed and delivered by the demandant and her husband, and duly acknowledged and recorded:

"Know all men by these presents that I, Charles T. Smith of Boston, county of Suffolk and Commonwealth of Massachusetts, and Ellen Smith, wife of said Charles, of said Boston, in consideration of one dollar paid by James R. Rutledge of said Boston, the receipt whereof is hereby acknowledged, do hereby remise, release, and forever quitclaim unto the said James R. Rutledge a certain parcel of land, with the buildings thereon standing, situated in that part of Boston called South Boston, and numbered 87 and 89 C Street, and is bounded and described as follows, viz.: westerly on C Street, there measuring 51 feet and 7 inches, northerly on Silver Street, there measuring 50 feet, easterly on land of persons unknown, there measuring 51 feet and 7 inches, southerly on land formerly of S. K. Williams, there measuring 50 feet to the point begun at on C Street, containing 2579 feet more or less, and being the northeasterly part of the premises conveyed to William Smith by Samuel K. Williams by deed dated October 27, A. D. 1841, and recorded with Suffolk deeds, lib. 476, fol. 65. To have and to hold the granted premises, with all the privileges and appurtenances thereto belonging, to the said James R. Rutledge and his heirs and assigns to their own use and behoof forever. And I do hereby, for myself and my heirs, executors, and administrators, covenant with the said grantee and his heirs and assigns that the granted premises are free from all incumbrances made or suffered by me, and that I will, and my heirs, executors, and administrators shall, warrant and defend the same to the said grantee and his heirs and assigns forever against the lawful claims and demands of all persons claiming by, through, or under me, but against none other. And, for the consideration aforesaid, I, Ellen Smith, wife of said Charles T. Smith, do hereby release unto the said grantee and his heirs and assigns all right of or to both dower and homestead in the granted premises. In witness whereof, we, the said Charles T. Smith and Ellen Smith, said Charles being one of the heirs of Wm. and Hannah Smith, deceased, hereunto set our hands and seals, this eleventh day of August in the year one thousand eight hundred and eighty."

The judge ruled that the tenant had not made out a defence, and ordered a verdict for the demandant; and, at the request of

the tenant, reported the case for the determination of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, for the tenant.

*J. A. Maxwell*, for the tenant.

*J. G. Holt*, for the demandant.

FIELD, J. The deed executed by Charles T. and Ellen Smith on August 11, 1880, must be construed to be a deed of release and quitclaim by both, and to convey all the interest of Ellen, as well as of Charles, in the parcels described, and not a conveyance by Charles alone with a release by Ellen of all right to dower and homestead in the premises conveyed by Charles. If the measurements of the parcels are to govern, this deed conveyed the strip two feet and seven inches wide owned by Ellen, and the judgment should be for the tenant. The presiding justice could not therefore rule, as matter of law, that " the tenant had not made out a defence." The deed purports to release and quitclaim " a certain parcel of land, with the buildings thereon standing, situated in that part of Boston called South Boston, and numbered 87 and 89 C Street, and is bounded and described as follows," &c. There are no boundaries in the deed on the southerly side which can be used to control the measurements. It may be suggested that the parcel of land " numbered 87 and 89 C Street," may have been actually so enclosed that the conveyance should be confined to the enclosure, even if the measurements extend southerly beyond the enclosure; but there are not sufficient facts set out to enable us to say that the measurements can be controlled by the description we have cited, and the plaintiff has argued the case solely on the ground that the deed conveyed only the title to the land of Charles T. Smith, with a release of dower and homestead by Ellen Smith. This we have held not to be the true construction of the deed; and, in accordance with the terms of the report, there must be

*Judgment for the tenant.*